IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SUDI SHEIKH DINI, | : |
| and | : |
| ZAM ZAM DINI, | : |
| Plaintiffs, | : |
| vs. | : Civil Action No.   c2-04-892 |
| MARRIOTT INTERNATIONAL, INC., | : JUDGE   Frost |
| and | : MAGISTRATE JUDGE   Kemp |
| OLSHAN HOTEL MANAGEMENT, INC., | : |
| Defendants. | : **JURY DEMAND ENDORSED HEREON** |

## COMPLAINT

### I. **Preliminary Statement**

1. This action seeks compensatory and punitive damages, declaratory and equitable relief, and attorneys' fees and costs for the discrimination and tortious conduct committed by Marriott International, Inc. and Olshan Hotel Management, Inc. in their individual and official capacities, when they refused to hire plaintiffs Sudi Sheikh Dini and Zam Zam Dini as Housekeepers because of their religion, Islam, and the wearing of their religiously-mandated head scarves – the hijab – even though the hijabs did not impair in any significant way their ability to competently perform their duties as Housekeepers.

### II. **Jurisdiction and Venue**

2. This action arises under the Fourteenth Amendments to the United States Constitution; the Reconstruction Era Civil Rights Act, codified at 42 U.S.C. §§ 1981 and 1983; the Ohio Laws Against Discrimination, R.C. 4112.99; and the common law of the State of Ohio.

3. This Court has jurisdiction over this action by virtue of 28 U.S.C. §§ 1331 (federal question) and 1343 (civil rights) and its supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Declaratory, injunctive, and equitable relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Compensatory and punitive damages may be awarded under 42 U.S.C. §§ 1981 and 1983; the Ohio Laws Against Discrimination, R.C. 4112.99, and the common law of the State of Ohio.

6. Costs and attorneys' fees may be awarded pursuant to 42 U.S.C. § 1988, the Ohio Laws Against Discrimination, R.C. 4112.99, the common law of the State of Ohio, and Fed. R. Civ. P. 54.

7. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and S.D. Civ. R. 82.1 because the claim arose in Franklin County where at all times material to this Complaint the parties resided and conducted business.

### III. Parties

8. Plaintiff Sudi Sheikh Dini ("Sudi Dini") is a 25-year-old female (date of birth 1/25/79) and practicing Muslim. Sudi Dini is an individual residing in Franklin County, Ohio, and has been a practicing Muslim her whole life. A headscarf, called a "Hijab" is religiously-mandated for all female Muslims 15 years of age or older.

9. Plaintiff Zam Zam Dini ("Zam Zam Dini") is a 25-year-old female (date of birth 1/25/79) and practicing Muslim. Zam Zam Dini is an individual residing in Franklin County, Ohio, and has been a practicing Muslim her whole life. A headscarf, called a "Hijab" is religiously-mandated for all female Muslims 15 years of age or older.

10. Defendant Marriott International, Inc. ("Marriott International, Inc." or "Marriott") is a Delaware corporation, is an "employer" as that term is defined by federal and Ohio laws against discrimination, and has at all times material herein, conducted substantial business in Franklin County, Ohio.

11. Defendant Olshan Hotel Management, Inc. ("Olshan Hotel Management, Inc." or "Olshan") is a Florida corporation, is an "employer" as that term is defined by federal and Ohio laws against discrimination, and has at all times material herein, conducted substantial business in Franklin County, Ohio. At all times material herein, Olshan Hotel Management, Inc. was the manager of the Marriott Hotel near Easton Town Center.

## IV. Facts

12. On or about May 19, 2003, Sudi Dini was interviewed for a job at the Marriott Hotel near Easton Town Center.

13. During Sudi Dini's May 19, 2003 interview with the Marriott Hotel, the interviewer, an African-American female, asked Sudi Dini if she was willing to remove her Hijab, which is her religiously-mandated headscarf.

14. Sudi Dini told the interviewer that her Hijab is required by her religion, which is Muslim.

15. Sudi Dini told the interviewer that she was willing to tuck her Hijab up underneath her hair, or to wear a Hijab the same color as the uniform.

16. Sudi Dini was told by the interviewer that either of the options described in paragraph 15 above that she proposed was unacceptable.

17. Sudi Dini was not offered a position with the Easton Marriott Hotel.

3

18. On or about May 19, 2003, Zam Zam Dini was interviewed for a job at the Marriott Hotel near Easton Town Center.

19. During Zam Zam Dini's May 19, 2003 interview with the Marriott Hotel, the interviewer, an African-American female, asked Zam Zam Dini if she was willing to remove her Hijab, which is her religiously-mandated headscarf.

20. Zam Zam Dini told the interviewer that her Hijab is required by her religion, which is Muslim.

21. Zam Zam Dini told the interviewer that she was willing to tuck her Hijab up underneath her hair, or to wear a Hijab the same color as the uniform.

22. Zam Zam Dini was told by the interviewer that either of the options described in paragraph 21 above that she proposed was unacceptable.

23. Zam Zam Dini was not offered a position with the Easton Marriott Hotel.

24. Upon information and belief, Marriott International, Inc. has an employment policy that employees are not allowed to wear Hijabs.

25. Upon information and belief, Olshan Hotel Management, Inc. has an employment policy that employees are not allowed to wear Hijabs.

26. Instead of granting Sudi Dini and Zam Zam Dini a reasonable accommodation of allowing them to wear their Hijabs as an employee of Marriott, the company refused to hire them.

27. Marriott International, Inc. and Olshan Hotel Management, Inc. discriminated against Sudi Dini and Zam Zam Dini based on their religion, Islam.

28. At all times material herein, Marriott and Olshan acted in conscious and/or reckless disregard for Plaintiffs' rights, with great probability that their acts and omissions would cause substantial harm to Plaintiffs.

29. As a direct and proximate result of Defendants' acts and omissions described herein, Plaintiffs have suffered from substantial harm, including lost wages, lost benefits, other economic losses, and they have suffered from serious emotional distress. Plaintiffs expect to suffer from these emotional, economic and other damages in the future.

30. Defendants acted willfully when they discriminated against Plaintiffs, and they failed to act in good faith when they discriminated against Plaintiffs.

31. Plaintiffs have complied with all jurisdictional prerequisites to the filing of this suit, including, this Complaint is being filed within 90 days of their receipt of Notices of Right to Sue from the Equal Employment Opportunity Commission (EEOC), a copy of which are appended hereto.

**VI.** **Claims for Relief**

    A. <u>First Count: Discrimination in Hiring under Fourteenth Amendment and 42 U.S.C. § 1983.</u>

32. Paragraphs 1 thorough 31 above are realleged and incorporated herein.

33. By taking into negative account Plaintiffs' religion when they refused to hire them, Defendants denied them equal protection of the law in violation of the Fourteenth Amendment to the United States Constitution.

    B. <u>Second Count: Discrimination in Hiring under 42 U.S.C. § 1981.</u>

34. Paragraph 1 through 33 above are realleged and incorporated herein.

35. By taking into negative account Plaintiffs' religion when they refused to hire them, Defendants have violated their guarantees under 42 U.S.C. § 1981 to rights equal to those of non-Muslims.

      C.      <u>Third Count: Discrimination in Hiring under the Ohio Laws Against Discrimination, R.C. 4112.99.</u>

36.      Paragraph 1 through 35 above are realleged and incorporated herein.

37.      By taking into negative account Plaintiffs' religion when they refused to hire them, Defendants have violated their right to be free from discrimination under the Ohio Laws Against Discrimination, R.C. 4112.99.

      D.      <u>Fourth Count: Discriminatory in Hiring under Common Law of State of Ohio.</u>

38.      Paragraph 1 through 37 above are realleged and incorporated herein.

39.      By taking into negative account Plaintiffs' religion when they refused to hire them, Defendants have violated a clear and paramount public policy of the State of Ohio, enshrined in Art. I, § 2 of its Constitution, that Government be instituted for the equal protection or benefit of Ohio citizens and residents, and committed the tort of discrimination in hiring.

## VII.      **Prayer for Relief**

WHEREFORE, Plaintiffs pray that this Court:

a.      declare that Defendants' conduct has violated the Fourteenth Amendment to the United States Constitution; 42 U.S.C. §§ 1981 and 1983; the Ohio Laws Against Discrimination, R.C. 4112.99; and the common law of the State of Ohio;

b.      order such equitable relief, including back pay and fringe benefits, as will make them whole for Defendants' discrimination; compensatory damages; punitive damages; pre-judgment and post-judgment interest; costs; attorneys' fees; and

c.  grant such other relief as the Court may deem appropriate.

Respectfully submitted,

_____
John S. Marshall (0015160) (*marshall@ee.net*)
Trial Attorney for Plaintiffs
Edward R. Forman (0076651) (*eforman@ee.net*)
Co-Counsel for Plaintiffs
MARSHALL AND MORROW LLC
111 West Rich Street, Suite 430
Columbus, Ohio 43215-5296
(614) 463-9790
Fax (614) 463-9780

OF COUNSEL:

Louis A. Jacobs (0002101) (*LAJOhio@aol.com*)
66871 Rayo Del Sol
Desert Hot Springs, CA 92240-1871
(614) 203-1255
Fax (760) 288-2146

## JURY DEMAND

Plaintiff requests a trial by a jury of eight (8) persons.

_____
John S. Marshall

b0609dini.complaint.wpd

7

m 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Zam Zam Dini
4722 Carahan Road
Columbus, OH 43229

From: Cleveland District Office
1660 West Second Street
Suite 850
Cleveland, OH 44113

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 220-2003-01737 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*James R. Neely, Jr./BK*        JUN 17 2004

Enclosure(s)        James R. Neely, Jr.,        (Date Mailed)
        District Director(Acting)

cc: Marriott Hotel
3899 Easton Square Place
Columbus, OH 43219

m 161 (3/98)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Sudi Sheikh Dini
4722 Carahan Road
Columbus, OH 43229

From: Cleveland District Office
1660 West Second Street
Suite 850
Cleveland, OH 44113

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 220-2003-01742 | Legal Unit Duty Officer | (216) 522-7445 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ ] Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ] While reasonable efforts were made to locate you, we were not able to do so.

[ ] You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*James R. Neely, Jr./BK*

JUN 17 2004

Enclosure(s)

James R. Neely, Jr.,
District Director(Acting)

*(Date Mailed)*

cc: Marriott Hotel
3899 Easton Square Place
Columbus, OH 43219